UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUHROB USMONOV,** | Civil Action No. 26-1108 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **LUIS SOTO, et al.,** | |
| Respondents. | |

**IT APPEARING THAT:**

1.	Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Suhrob Usmonov, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall"). (ECF No. 1).

2.	Petitioner is a citizen of Uzbekistan. (*Id.* ¶ 4). He entered the United States on August 16, 2023 and was immediately detained by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 5).

3.	ICE conducted a credible fear interview and found that Petitioner had established a credible fear of persecution if he were to be returned to Uzbekistan. (*Id.* ¶ 6).

4.	On September 9, 2023, DHS issued a Notice to Appear ("Notice") charging Petitioner with being a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 1-1 at 1).

5.	On April 17, 2024, ICE released Petitioner on parole pursuant to Immigration and Nationality Act ("INA") § 212(d)(5)(A). (ECF No. 1-2 at 1). The parole notice indicated that the "parole authorization is valid for one year beginning from the date on this notice and will

automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion." (*Id.*)

6. Petitioner reported to ICE offices in Newark, New Jersey on January 27, 2026 and was detained by ICE. (ECF No. 1 ¶ 10). He alleges that he "was threatened with detention unless he gave up his right to file for asylum and take voluntary departure." (*Id.* ¶ 13). He was subsequently detained in Delaney Hall. (*Id.* ¶ 15).

7. Respondents filed an answer on February 17, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen who was "(i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim. Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)." (ECF No. 7 at 1).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner should have been detained under 8 U.S.C. § 1226, which requires an

opportunity to seek bond.[1]  *See Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323, at *3-4 (D.N.J. Oct. 28, 2025).

11.  Section 1225(b)(1) governs "noncitizens who are arriving in the United States and are inadmissible must be screened and ordered removed without further hearing or review, unless they indicate an intention to apply for asylum." *A-J-R v. Rokosky*, No. 25-cv-17279, 2026 WL 25056, at *3 (D.N.J. Jan. 5, 2026) (footnote omitted).  "If the asylum officer finds the noncitizen has a credible fear of persecution, the noncitizen 'shall be detained for further consideration of the application for asylum.'"  *Id.* (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

12.  On the other hand, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).  "The line historically drawn between these two sections ... is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings*, 583 U.S. at 288-89).

13.  The September 9, 2023 Notice specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 1-1 at 1 (emphasis added)).  That language aligns with § 1226(a), not § 1225(b)(1).  Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory

---

[1]  8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) (emphasis in original).

14. At the conclusion of his parole,[2] Petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.,* a noncitizen already present in the county.

15. This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code. It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez*, 795 F. Supp. 3d at 486 (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

---

[2] The fact that Petitioner was eventually paroled does not mean that he was originally detained pursuant to § 1225(b). *See Chanaguano Caiza v. Scott*, No. 1:25-cv-00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025) ("[I]t does not necessarily follow that all those paroled under [8 U.S.C. § 1182(d)(5)(A)] were detained under § 1225 in the first instance.")

5

16. Therefore, this Court will grant the Petition and order Petitioner's release.

17. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: March 4, 2026